IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND, et al., ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> D ANDERSON CONTRACTING, INC., an ) <br> Illinois corporation, also d/b/a D. ANDERSON ) <br> PAVING, and DUANE ANDERSON, ind., ) <br> Defendant. ) | Case No.: 09 C 6382 <br><br> Judge Dow |

## MOTION TO REINSTATE AND CONFESS JUDGMENT

Now come Plaintiffs Laborers' Pension Fund and Laborers' Welfare Fund for the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity and James S. Jorgensen, Administrator of the Funds ("Funds"), by and through their attorney, Patrick T. Wallace, and hereby move this Court to reinstate and confess judgment against Defendants D Anderson Contracting, Inc., also d/b/a D. Anderson Paving ("D Anderson" or the "Company") and Duane Anderson, based on the Defendants failure to pay amounts due pursuant to the Settlement Agreement and reached in this case. In support of this Motion, Plaintiffs state as follows:

1. The parties entered into a Settlement Agreement and Stipulation to Dismiss which required Defendant D. Anderson to pay $2,600.00 guaranteed by Duane Anderson. A true and accurate copy of the Settlement Agreement is attached hereto as Exhibit 1.

2. Defendants have failed to the pay the amounts due pursuant to the Settlement Agreement. Specifically, the Defendants have only delivered payment of three (3) installments totaling $900.00. The Defendants have failed to make their March 2011 installment. Accordingly, the Settlement Agreement is in default.

3. Plaintiffs respectfully request that this Court reinstate this case and enter judgment in favor of the Funds and against Defendant D Anderson and Duane Anderson in the amount of $1,700.00 representing the balance due on the Settlement Agreement.

WHEREFORE, Plaintiffs respectfully request that the Court reinstate this case and enter judgment against D Anderson Contracting, Inc., also d/b/a D. Anderson Paving and Duane Anderson in the amount of $1,700.00 representing the amounts due on the defaulted Settlement Agreement.

Respectfully submitted,

Dated: March 31, 2011

Laborers' Pension Fund, et al.

By: /s/ Patrick T. Wallace

Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND, et al., ) | |
| Plaintiffs, ) | |
| v. ) | Case No.: 09 C 6382 |
| ) | |
| D ANDERSON CONTRACTING, INC., an ) | Judge Dow |
| Illinois corporation, also d/b/a D. ANDERSON ) | |
| PAVING, ) | |
| Defendant. ) | |

## SETTLEMENT AGREEMENT AND STIPULATION TO DISMISS

Now come Plaintiffs Laborers' Pension Fund and Laborers' Welfare Fund for the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity and James S. Jorgensen, Administrator of the Funds ("Funds"), by and through their attorney, Patrick T. Wallace, and Defendants D Anderson Contracting, Inc., also d/b/a D. Anderson Paving ("D Anderson" or the "Company"), by and through their attorney, Todd A. Miller, and hereby submit the parties' Settlement Agreement and Stipulation to Dismiss (hereinafter "Settlement Agreement"). In support of this Agreement, the parties state as follows:

1. Defendant D Anderson shall obtain and maintain a surety bond in accordance with the terms of the collective bargaining agreement between the Company and the Construction and General Laborers District Council of Chicago and Vicinity.

2. D Anderson shall pay Plaintiffs the sum of $2,600.00 representing attorneys' fees and expenses in eight (8) monthly payments of $300.00 and a ninth (9th) payment of $200.00 with the first payment being due on December 1, 2010 or when the Settlement Agreement is entered into by the parties (whichever is later) and the next installment being due on January 1, 2011 with the 9th installment of $200.00 being due on August 1, 2011.

EXHIBIT 1

3.   The Company shall obtain and maintain a surety bond in accordance with the terms of the collective bargaining agreement.

4.   The parties respectfully request that the Court dismiss this case without prejudice and retaining jurisdiction to enforce the terms of the Settlement Agreement through September 30, 2011. The parties also request that the matter be dismissed without prejudice to the Funds' right to conduct an audit of D Anderson's books and records for the period of April 1, 2009 forward and to collect any additional unpaid contributions, dues, interest, liquidated damages or audit costs revealed as due and owing therein.

5.   Duane Anderson, an Officer and Shareholder D Anderson, shall be added as individual Defendant in this case waiving service of Summons and Complaint and the Court shall retain jurisdiction to enforce the personal Guaranty attached hereto as Exhibit A against Duane Anderson should the corporate Defendant default on its obligations under the terms of the Settlement Agreement.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: November 17, 2010 | Laborers' Pension Fund, et al. |
|  | By: /s/ Patrick T. Wallace |

Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540

|  |  |
|---|---|
| Dated: November 17, 2010 | D Anderson Contracting, Inc., etc. |
|  | By: /s/ Todd A. Miller |

Allocco, Miller & Cahill
3409 N. Paulina
Chicago, IL 60657

# GUARANTY OF PAYMENT AND INDEMNIFICATION

This Guaranty ("Guaranty") is made as of November 15, 2010 by the undersigned, Duane Anderson, (the "Guarantor"), to and for the benefit of the **LABORERS' PENSION FUND AND THE LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY** (collectively, the "Funds").

WHEREAS, **D Anderson Contracting, Inc.** (the "Company") has agreed to pay a total of $2,600.00 to the Funds in settlement of the Attorney Fees and Costs owed to the Funds and to be paid under the terms of a Settlement Agreement ("Agreement").

WHEREAS, the Funds are unwilling to enter into the Agreement unless the guarantor executes this Guaranty; and

WHEREAS, the Guarantor has a financial interest in the Company and will be benefited by the Agreement.

NOW WHEREAS, in consideration of the foregoing, the Guarantor agrees as follows:

1. <u>Guaranty of Payment and Indemnification</u>. The undersigned guarantees, absolutely and unconditionally: (a) the payment when due of the entire principal indebtedness evidenced by the Agreement during the nine (9) month payment period; and (b) the full and complete payment of any and all fees and costs incurred pursuant to default under terms of the Agreement, whether litigation is involved or not, and if involved, whether at the trial or appellate levels or in pre- or post- judgement bankruptcy proceedings in enforcing or realizing upon the obligations of the Guarantor hereunder (the obligations of Guarantor under this Paragraph 1 are collectively hereinafter referred to as the "Obligations"). The Guarantor also agrees to be personally liable for all monthly benefit contributions, union dues and/or wages owed from the Company to the Funds, the District Council, all ancillary funds, and/or the participants that are due at the time the Agreement and Guaranty are entered into and/or are incurred and become due and owing until the amounts due under the Agreement are paid in full, including all interest, liquidated damages, audit costs, attorneys' fees and costs.

2. <u>Continuing Guaranty</u>. This Guaranty shall be a continuing Guaranty, and shall not be discharged, impaired or affected by; (a) the existence or continuance of any obligation on the party of the Company with respect to the Agreement; (b) any forbearance or extension of the time of payment of the Agreement; (c) the validity or invalidity of the Agreement; (d) any defenses whatsoever that the Company or any of the party thereto may have to the performance or observance of any term, covenant or condition contained in the Agreement; (e) the existence or non-existence of the Company as a legal entity; (f) any limitation or exculpation of (other than the payment and performance in full of all of the Company's Obligations) that Guarantor may have as to his undertakings, liabilities and obligations hereunder, including any defenses based upon any legal disability of the Company or any discharge or limitation of the disability of the Company, whether consensual or arising by operation of law or any bankruptcy, insolvency or debtor-relief proceeding, or from any other cause, each and every such defense being hereby waived by the Guarantor.

3. <u>Waivers</u>. Guarantor waives diligence, presentment, protest, notice of dishonor, demand for payment, extension of time of payment, notice of acceptance of this Guaranty, non-payment at maturity and indulgences and notices of every kind not provided for under this Guaranty. It is the intention of this Guaranty that Guarantor shall remain liable as principal, notwithstanding any act, omission or thing which might otherwise operate as a legal or equitable discharge of Guarantor, until all of the Company's obligations shall have been fully paid and performed.

4. <u>Subrogation.</u> Notwithstanding anything to the contrary elsewhere contained herein or in the Agreement, the guarantor expressly waive with respect to the Company any and all rights at law or in equity to subrogation, to reimbursement, to exoneration, to contribution, to set off or to any other rights that could accrue to a surety against a principal, to the Guarantor against a maker or obligor, to an accommodation party against the party accommodated, or

1


EXHIBIT A

to a holder or transferee against a maker, and which the guarantor may have or hereafter acquire against the Company in connection with or as a result of Guarantor's execution, delivery and/or performance of this Guaranty or the Agreement. The Guarantor agrees that he or she shall not have or assert any such rights against the Company or its successors and assigns or any other period (including and surety), either directly or as an attempted set off to any action commenced against the Guarantor by the Company (as borrower or in any other capacity) or any other person.

5. **Independent Obligations.** The Funds may enforce this Guaranty without first resorting to or without first having recourse to the Agreement; provided, however, that nothing herein contained shall preclude the Funds form suing on the Agreement or from exercising any other rights; and the Funds shall note be required to institute or prosecute proceedings to recover any deficiency as a condition of any payment hereunder or enforcement hereof.

6. **Acceleration.** In the event that payments due under the Agreement shall be accelerated, the Guarantor's obligations hereunder shall also be accelerated without further notice from the Funds.

7. **Effect of Bankruptcy.** This Guaranty shall continue in full force and effect notwithstanding the institution by or against the Company of bankruptcy, reorganization, readjustment, receivership or insolvency proceedings of any nature, or the disaffirmance of the Agreement in any such proceedings, or others.

8. **Termination.** This Guaranty shall remain in full force and effect as to the Guarantor until all of the Company's Obligations under the Agreement outstanding shall be finally and irrevocably paid in full. Payment of all of the Company's Obligations form time to time shall not operate as a discontinuance of this Guaranty. If after receipt of any payment of all or any part of the Company's Obligations, the Funds are for any reason compelled to surrender such payment to any person or entity, because such payment is determined to be void or voidable as a preference, impermissible set off, or a diversion of trust fund, or for any reason, this Guaranty shall continue in full force notwithstanding any contract action which may have been taken by the Funds in reliance upon such payment, and any such contrary action so taken shall be without prejudice to the Funds' rights under this Guaranty and shall be deemed to have been conditioned upon such payment having become final and irrevocable.

9. **The Company's Financial Condition.** The guarantor assumes full responsibility for keeping fully informed of the Company's financial condition and all other circumstances affecting the Company's ability to perform its Obligations, and agree that the Funds will have no duty to report to Guarantor any information which the Funds receive about the Company's financial condition or any circumstances bearing on its ability to perform.

10. **Expenses.** The undersigned agrees to pay and reimburse the Funds for all cost and attorney's fees, which they may expend or incur in the enforcement of this Guaranty or any of the Company's Obligations under the Agreement.

11. **Delay. Cumulative Remedies.** No delay or failure by the Funds to exercise any right to remedy against the Company or Guarantor will be construed as a waiver of that right or remedy. All remedies of the Funds against the Company and the Guarantor are cumulative.

12. **Binding Effect.** This guaranty shall incur to the benefit of and may be enforced by the Funds, and shall be binding upon and enforceable against the Guarantor and Guarantor's heirs, legal representatives, successors and assigns. In the event of the death of the Guarantor, the obligations of such deceased Guarantor shall continue in full force and effect against his estate, personal representatives, successors and assigns. Without limiting the generality of the foregoing, the Funds (or their successors and assigns) may from time to time and without notice to undersigned, assign any and all of their rights under this Guaranty without in any way affecting or diminishing the obligations of the undersigned hereunder, who shall continue to remain bound by the obligated to perform under and with respect to this Guaranty as though there had been no such assignment.

13. **Default.** The Guarantor hereby authorizes irrevocably any attorney of any court of record to appear for him/her in such court, at any time after ten (10) days notice after default in any payment due under this Guaranty, and confess judgement against Guarantor, after service of notice of the claimed default, in favor of the Funds for such

2

amount to be unpaid and owed thereon, including interest, liquidated damages and reasonable cost of collection including reasonable attorneys' fees. The Guarantor agrees to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgement, hereby ratify and confirming all that said attorney may do by virtue hereof.

14. **Warranties.** Guarantor makes to the Funds the following representations and warranties:

(a) **Authorization.** Guarantor has full right, power and authorization to enter into this Guaranty and carry out his obligations hereunder

(b) **No Conflict.** The execution, delivery and performance by Guarantor of this Guaranty will not violate or be in conflict with, results in a breach of, or constitute a default under, any indenture, agreement or any other instrument to which Guarantor is a party or by which Guarantor or any of his assets or properties is bound, or any order, writ, injunction or decree of any court or governmental institute.

(c) **Litigation.** There are no actions, suits or proceedings pending, or to the knowledge of Guarantor, threatened against or adversely affecting any Guarantor at law of in equity or before or by governmental agency or instrumentality which involve any of the transactions herein contemplated, or the possibility of any judgement or liability which may result in any material and adverse change in the financial condition of any Guarantor. Guarantor is not in default with respect to any judgment, order, writ, injunction, decree, rule or regulation of any court.

(d) **Enforceability.** This guaranty is a legal, valid and binding obligation of Guarantor, enforceable in accordance with its terms, except as enforceability may be limited by applicable bankruptcy, insolvency or similar laws affecting the rights of creditors generally.

15. **Notices.** All notices or other communications required or permitted hereunder shall be (a) in writing and shall be deemed to be given when either (I) delivered in period, (II) three (3) days after deposit in a regularly maintained receptacle of the United States mail as registered or Certified mail, postage prepaid, (III) when received if sent by private courier service, or (IV) on the day on which Guarantor refuses delivery by mail or by private courier service, and (b) addressed as follows:

In Case of Guarantor

Todd Miller
3409 N. Paulina
Chicago IL 60657
(773) 868-4841

In Case of the Funds:

Collection Counsel
Patrick T. Wallace
Laborers Pension & Welfare Fund
Sub Office
111 W Jackson Blvd
Suite 1415
Chicago IL 60604-3868

or such other addresses as may from time to time be designated by the party to be addressed by notice to the other in the manner hereinabove provided. The Funds will use their best efforts to send courtesy copies of notices provided hereunder to Guarantor's attorney, Todd Miller. But the failure by the Funds to send courtesy copies to Guarantor's attorney shall not limit or restrict the Funds' rights under this Guaranty in any manner nor relieve Guarantor of any obligations under this guaranty.

16. **Additional Waivers.** Guarantor expressly and unconditionally waives, in connection with any suit, action or proceeding brought by the Funds on this Guaranty, any and every right he or she may have to (I) injunctive relief, (II) a trial by jury, (III) interpose any counterclaim therein and (IV) seek to have the same consolidated with any other or separate suit, action or proceeding.

3

17. Severability. If all or any portion of any provision of this Guaranty is declared or found by a court of competent jurisdiction to be unenforceable or null and void, such provision or portion thereof shall be deemed stricken and severed from this Guaranty and the remaining provisions and portions hereof shall continue in full force and effect.

18. Applicable Law; Venue. This Guaranty and the transactions evidenced hereby shall be construed and interpreted under the laws of the State of Illinois. Guarantor, in order to induce the Funds to accept this Guaranty and inter into the loan agreement, and for other good and valuable consideration, the receipt and sufficiency of which hereby is acknowledged, agrees that all actions or proceedings arising directly, indirectly or otherwise in connection with, out of, related to or from this Guaranty shall be litigated, at the Fund's sole discretion and election, only in courts having a situs within the county of Cook, State of Illinois, Eastern Division. Guarantor hereby waives any right he or she may have to transfer or change the venue or any litigation brought against him by the Funds on this agreement in accordance with this paragraph.

19. Time is of the Essence. Time is of the essence of this Guaranty as to the performance of the undersigned.

20. Death of a Guarantor. In the event of the death of Guarantor, the Funds shall have the right to accelerate the indebtedness evidenced by the Agreement, within sixty (60) days of his death, Guarantor's estate assumes his obligations hereunder by an instrument satisfactory to the Funds and delivers to the Funds security for performance of such obligations satisfactory to the Funds.

IN WITNESS WHEREOF, the three undersigned Guarantors has executed this instrument as of the date and year first above written.

_____    _____/s/_____    _____

Social Security Number

Date: 11/15/10

APPROVED AS TO FORM AND SUBSTANCE
ON BEHALF OF GUARANTOR:

_____/s/_____

Dated: 11/16/10

4

## CERTIFICATE OF SERVICE

The undersigned certifies that he caused a copy of the foregoing Motion to Reinstate and Confess Judgment to the following person via the Court's electronic notification system this 31st day of March 2011.

Todd A. Miller
Allocco, Miller & Cahill
3409 N. Paulina
Chicago, IL 60657

/s/ Patrick T. Wallace